**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARLON DEVON HENDRICKS,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:06-0480 |
| v. | : | (CALDWELL, D.J.) |
| | | (MANNION, M.J.) |
| **HEAD WARDEN GENE FISCHI,** | : | |
| **DEPUTY WARDEN SAMUEL** | | |
| **HYDER, DEPUTY WARDEN** | : | |
| **MORRIS, OFFICER MR.** | | |
| **JENNINGS, OFFICER MR.** | : | |
| **KIMSEL, (10) JON DOES,** | | |
| **SHARON, CARLENE, KEVIN,** | : | |
| **JOYCE, JOHN, & DONALD** | | |
| **RYDER,**[1] | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

Before the court is the defendants' motion to dismiss the plaintiff's complaint for failure to prosecute. For the following reasons, the court recommends that the motion be granted and the plaintiff's complaint be dismissed.

**I.    Procedural History**

The pro se and in forma pauperis plaintiff, an inmate at the Luzerne

---

[1] When he filed the complaint, the plaintiff did not know the identities of the ten Jon Does, who are corrections officer, or the last names of Sharon, Carlene, Kevin, Joyce, and John, who are Luzerne County Prison medical staff. The defendants, through return of service, subsequently identified the medical staff as Sharon Francoeur, Carleen Kendig, Kevin Warman, and John Burke. The U.S. Marshals Service was unable to serve Joyce because there is no one by that name in the prison's medical department. The plaintiff has not identified the Jon Does or Joyce.

County Prison when the events underlying the complaint occurred, commenced the action on March 6, 2006, by filing his complaint under 42 U.S.C. § 1983.  He alleges that defendants Fischi, Hyder, Morris, Jennings, Kimsel, Jon Does, Sharon, Carlene, Kevin, Joyce, and John ("Prison Defendants") failed to prevent an assault upon him by defendant Ryder, another inmate, and exacerbated his medical injuries by failing to provide proper medical treatment.  (Doc. No. 1.)  All of the Prison Defendants except Joyce and the Jon Does have appeared in the action.  (Doc. Nos. 10 & 16.)  They answered the complaint on April 7, 2006.  (Doc. No. 18.)  On April 28, 2006, the court ordered the plaintiff to identify Joyce and the Jon Does by May 19, 2006, so that service could be effectuated.  Otherwise, the court warned, it would recommend dismissing those defendants from the action.  (Doc. No. 22.)

On May 8, 2006, the court granted the Prison Defendants' motion to depose the plaintiff, and a deposition was scheduled for May 15, 2006.  (Doc. Nos. 23, 24, & 30.)  On May 12, 2006, the court granted the plaintiff's request for a thirty-day continuance of the deposition to allow him time to retain counsel.  (Doc. Nos. 25 & 26.)  The Prison Defendants contacted the Clinton County Correctional Facility after the expiration of the continuance to schedule the deposition.  They were informed in June 2006 that the plaintiff, an alien, had been removed on May 16, 2006, from the United States to his native country of Guyana by the U.S. Department of Homeland Security.  (Doc. No. 30.)

On October 4, 2006, the Prison Defendants moved to dismiss the

complaint. (Doc. No. 27.) They briefed the motion on October 24, 2006. They contend that the plaintiff has failed to prosecute his claim, thereby warranting dismissal under Federal Rule of Civil Procedure 41(b), because he failed to inform the court of a forwarding address in Guyana, failed to retain counsel, and has not undertaken any action in respect of his case since his removal. (Doc. No. 30.)

On November 13, 2006, the plaintiff moved for an extension of time to retain counsel in the United States and "to file all Discovery and Dispositive motions." He also informed the court of his address in Guyana. (Doc. No. 32.) The court denied the motion except to grant the plaintiff until December 14, 2006, to submit a brief in opposition to the Prison Defendants' motion to dismiss. The court warned the plaintiff that failure "to file a brief in opposition will be construed as his concurrence in the motion to dismiss and an appropriate report and recommendation of dismissal will be made." (Doc. No. 32.) The plaintiff has undertaken no action with respect to his case since his November 13, 2006, motion.

On March 8, 2007, the Prison Defendants again moved to dismiss the complaint. They contend that the complaint should be dismissed under Local Rule 7.6 because of the plaintiff's failure to oppose their first motion. In the alternative, they argue that the complaint should be dismissed on the grounds raised in the first motion. (Doc. Nos. 34 & 35.) As with the first motion, the plaintiff has not opposed the motion.

**II.    Discussion**

A district court is authorized to dismiss a complaint for the plaintiff's failure to prosecute upon motion by the defendant. FED. R. CIV. P. 41(b). When evaluating a motion under Federal Rule 41(b), the court must consider six factors:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original). The court must balance the factors and need not find that all of them weigh against the plaintiff to dismiss the action. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

Here, the court finds that the balance of the Poulis factors, specifically, the first, second, third, and fifth factors,[2] warrants dismissing the complaint. First, as a pro se litigant, the plaintiff is solely responsible for prosecuting his claim. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992). In spite of two specific warnings from the court that it would recommend dismissing certain defendants and the entire case if the plaintiff did not prosecute his

---

[2] The court cannot judge whether the plaintiff's failure to prosecute is wilful or in bad faith, or as a result of his present circumstances in Guyana.

claims, the plaintiff has continued to let the action lay dormant. With the exception of his November 23, 2006, motion, the partial granting of which he failed to follow up on, the plaintiff has had no contact with the court since the Prison Defendants filed their first dispositive motion.

Second, the defendants are prejudiced by the plaintiff's failure to prosecute. Prejudice occurs when the plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222-23 (3d Cir. 2003). The Prison Defendants were unable to depose the plaintiff, which undermines their ability to elaborate the factual basis of the plaintiff's claims and prepare a defense. In addition, the plaintiff has failed to abide by two court orders, or seek an extension of them, thereby needlessly delaying the action and risking the loss of evidence or the fading of memory. <u>See</u> <u>Adams v. Trs. of the New Jersey Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 874 (3d Cir. 1994).

Third, there is a history of dilatoriness. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." <u>Adams</u>, 29 F.3d at 874-75. The plaintiff has been extensively and repeatedly delinquent. As already noted, the plaintiff has failed to respond to two pending motions to dismiss, the first of which was filed six months ago. He has frustrated the Prison Defendants' efforts to depose him. He has ignored the court's order that he identify Joyce and the Jon Does. He has also ignored the

5

court's extension of the time to respond to the first motion, which was granted at the plaintiff's request.

Finally, there are not alternative sanctions the court could effectively impose. The plaintiff is <u>in forma pauperis</u>. Monetary penalties, therefore, would be inappropriate and unavailing. There are no other reasonable penalties that would adequately balance the need to sanction the plaintiff and avoid further delay and prejudice to the defendants.

**V.   Conclusion**

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1).   the Prison Defendants' motion to dismiss under Federal Rule 41(b) (Doc. No. 27) be **GRANTED** and the plaintiff's complaint be **DISMISSED** with prejudice as against all defendants for failure to prosecute the case; and,

(2).   the Prison Defendants' motion to dismiss under Local Rule 7.6 be **DISMISSED** as moot in light of recommendation (1).

S/ Malachy E. Mannion
**MALACHY E. MANNION**
United States Magistrate Judge

Date: March 16, 2007
O:\shared\REPORTS\2006 Reports\06-0480.01.wpd